Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiffs Pearl Coleman, Mitchell Snell, Mamie Johnson, and Marie Snell

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PEARL COLEMAN, MITCHELL SNELL, MAMIE JOHNSON, MARIE SNELL,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KINGS; DAVID ROBINSON, KINGS COUNTY SHERIFF, CORONER, AND PUBLIC ADMINISTRATOR; WAYNE BRABANT, DEPUTY CORONER; BARBARA BLACKBURN, DEPUTY CORONER,,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>42 U.S.C. § 1983<br>  Right to Information re: Sibling Death<br>  Equal Protection Right to Public Services<br>Declaratory Judgment Act, 28 U.S.C. § 2201<br>Cal. Code of Civil Procedure §§ 526, 1060 |

TO THE HONORABLE COURT:

Plaintiffs Pearl Coleman, Mitchell Snell, Mamie Johnson, and Marie Snell, through their undersigned counsel, hereby make the following allegations against the defendants, County of Kings, David Robinson, Kings County Sheriff, Coroner and Public Administrator, Wayne Brabant, Deputy Coroner, and Barbara Blackburn, Deputy Coroner.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as this action is one arising under the United States Constitution and other federal laws

COMPLAINT FOR INJUNCTIVE RELIEF

1  providing remedies for deprivations of the rights and privileges of citizens of the United States, as well
2  as supplemental state law claims.

3  2. This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the actions
4  giving rise to this action all occurred within this judicial district.

**PARTIES**

3. Plaintiff Pearl Coleman, Mitchell Snell, Mamie Johnson, and Marie Snell are the surviving siblings of the decedent, Darrell Snell, who died on June 27, 2022 in Lemoore California at the age of 57. Ms. Coleman, Ms. Johnson, and Ms. Snell are all adult citizens and residents of the State of Mississippi, and Mr. Snell is an adult citizen and resident of the State of Michigan.

4. Defendant County of Kings ("Kings County") is a local municipal body and a political subdivision of the State of California. The County of Kings is primarily responsible funding and supervising the Kings County Sheriff's Office, and the Coroner's Office operating as part thereof. The County of Kings is sued based on federal municipal liability principles, as well as California state law and a theory of vicarious responsibility for the acts of the individual defendants sued under state law.

5. Defendant David Robinson (hereinafter "Sheriff Robinson") is and at all times alleged herein was the Sheriff, Coroner and Public Administrator of the County of Kings, under the authority of California Government Code § 24304.1. Sheriff Robinson is sued in his official capacity for declaratory and injunctive relief.

6. Defendant Wayne Brabant (hereinafter "Deputy Coroner Brabant") is and at all times alleged herein was a Deputy Coroner with the Kings County Coroner's Office. Deputy Coroner Brabant is sued in his official capacity for declaratory and injunctive relief.

7. Defendant Barbara Blackburn (hereinafter "Deputy Coroner Blackburn") is and at all times alleged herein was a Deputy Coroner with the Kings County Coroner's Office. Deputy Coroner Brabant is sued in her official capacity for declaratory and injunctive relief.

**FACTUAL ALLEGATIONS**

8. Darrell Snell was an extremely healthy man. Darrell had spent a career in the military and maintained a disciplined exercise regimen throughout his life. At the time of his death, Darrell was a trim and muscular 215 pounds and stood 6'2" tall.



COMPLAINT FOR INJUNCTIVE RELIEF                                              2

9. There is a cloud of mystery regarding whether and the extent to which Darrell's death was investigated.

10. When the authorities were first notified, Darrell's sudden and uncharacteristic collapse was represented to be a possible stroke. Darrell did not have any history or predictive factors that would have rendered him susceptible to a stroke.

11. Plaintiffs came out to California, and they could not get any consistent or coherent answers regarding the circumstances of Darrell's death. This was concerning because they had received information that his personal marital life was in turmoil and that he was preparing to divorce his spouse of 20 years, Stefanie Snell. Ms. Snell was only cryptically communicative with Plaintiffs initially and eventually cut off all communication with them.

12. Plaintiffs' initial communications with family and law enforcement personnel once they got to California indicated that Darrell had a fatal aneurysm, but, as detailed below, that also turned out to be inaccurate.

13. In his communications with Plaintiffs, Deputy Coroner Brabant was extremely evasive and refused to provide any specific coherent information. Deputy Coroner Brabant repeatedly said the matter was under investigation and that Plaintiffs would be informed.

14. The initial death certificate dated July 6, 2022, which Plaintiffs did not receive until months later, listed Darrell's cause of death as pending. This certificate was signed by Deputy Coroner Bryant. This initial death certificate indicates that Darrell had already been embalmed and had his body turned over to the funeral home, indicating that if any death investigation had been done, the tasks had already been completed by July 6, 2022. Plaintiffs were told that the investigation was pending even after July 6, 2022.

15. On July 27, 2022, an amended death certificate was issued indicating that the cause of Darrell's death was hypertensive cardiovascular disease. Plaintiffs also did not receive a copy of this certificate until months later. Darrell had no history of hypertension or heart disease, however. This amended certificate was also signed by Deputy Coroner Brabant. Deputy Coroner Brabant did not communicate this information to Plaintiffs, despite their repeated inquiries.



16. In late July or early August 2022, Plaintiffs learned informally, through their nephew, Deshawn Snell, Stephanie Snell's son and a law enforcement officer in Kings County Sheriff's Office, that Darrell had reportedly died from hypertension. Deshawn Snell indicated he had "a friend" in the Coroner's Office from whom he could obtain information. The hypertension death diagnosis was allegedly provided by Deputy Coroner Brabant, who further stated that "those people commonly die from hypertension." Plaintiffs understand the reference to "those people" to refer to African-American people.

17. As a result of their incessant assistance, Plaintiffs finally received the death certificates and what purports to be a Coroner's report in early October 2022. These documents were mailed to Plaintiffs by Deputy Coroner Blackburn, who had replaced Deputy Coroner Brabant as the official who would respond to Plaintiffs. The Coroner's report was also written by Deputy Coroner Blackburn. However, the file Plaintiffs received is rife with inaccuracies and inconsistencies and therefore raises more questions than it answers.

18. The Coroner's report Plaintiffs received indicated that Darrell was born in Minnesota, not Mississippi, his true home state. The cause of death is listed as hypertensive cardiovascular disease, against despite Darrell's having no predictive history of hypertension or heart issues. The narrative section of the report incorrectly states that Darrell had a history of hypertensive cardiovascular disease. The report narrative also describes Darrell as obese, which he most certainly was not. The narrative also states that Darrell displayed no signs of trauma, which contradicts reports Plaintiffs received of Darrell's having a bleeding head injury and broken teeth prior to his being pronounced deceased at Adventist Community Medical Center in Hanford, California.

19. Perhaps most significantly, at the time that the cause of death was revised to state hypertensive cardiovascular disease, Darrell's heart had already been harvested, examined and deemed sufficiently healthy to be transplanted into another individual. Plaintiffs are informed and believe that a heart that was allegedly fatally damaged would never have been accepted for transplantation. It is also difficult to understand how medical providers who became involved in the death investigation. After Darrell's heart had already been harvested could make a diagnosis of hypertensive cardiovascular disease.



20. Even more suspicious was that the physician who confirmed the death assessment was Dr. Evan Matshes, a San Diego based physician who never saw Darrell's body nor did any of his own examination. Dr. Matshes also has been embroiled in controversy regarding his professional practices both in the State of Texas and Canada.

21. As one might imagine, Darrell's heart was fully assessed for transplantation, by the Artivion Pathology in Kennesaw, Georgia. That laboratory received Darrell's heart on June 29, 2022, nearly a month before the Defendants arrived at the hypertensive cardiovascular disease diagnosis deemed to be the cause of death. The Artivion pathology laboratory examination concluded that Darrell's heart was in all respects normal. The Artivion report further indicates that Darrell's heart was screened at a laboratory in San Ramon, California before it was transported to Georgia, so it was examined and found to be normal and acceptable for transplantation by two competent, accredited laboratories.

22. Plaintiffs' requests for clarification and additional information from the Coroner's Office since October 2022 have all gone unanswered, making it clear that Sheriff Robinson, Deputy Coroner Brabant, and Deputy Coroner Blackburn will not cooperate in clarifying any of the above-identified inaccuracies.

23. Based on this highly suspicious series of events and the attendant contradictions and inaccuracies, Plaintiffs seek answers that they can only receive if this Court grants their requests for injunctive relief. Specifically, Plaintiffs seek an order requiring the Defendants to turn over their complete files to them, including any retained samples and aliquots of biological materials retained. Because Plaintiffs are not Darrell's next of kin under the law, and Stefanie Snell, his surviving spouse, will not agree to such measures, the only way this information may be obtained is through this action.

///
///
///

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

Right to Information re: Sibling Death

(42 U.S.C. § 1983, 14th Amendment)

(By Plaintiffs Against All Individual Defendants)

24. Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

25. The named defendants, by providing inaccurate information and alternatively denying requests for information, Defendants have each violated Plaintiffs' constitutional rights and have displayed deliberate indifference to Plaintiffs' family relationship with their deceased sibling.

26. The liberty interest of Plaintiffs to have a sibling relationship unimpaired by government interference is well-recognized as a 14th Amendment substantive due process right.

27. Only by issuance of the requested equitable relief can Plaintiffs obtain the answers that their close sibling relationship with Darrell compel them to seek.

SECOND CLAIM FOR RELIEF

Equal Protection Right to Public Services

(42 U.S.C. § 1983, 14th Amendment)

(By Plaintiffs Against Defendant Deputy Coroner Brabant)

28. Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

29. Deputy Coroner's racist comment about Darrell's likely cause of death based on racial stereotyping was not only offensive, but it denied Plaintiffs, as devoted siblings looking for accurate information about their brother's death, their right to have non-discriminatory public services provided to them. The Kings County Coroner serves all members of the community, and it is supposed to provide its service without regard to racial bias.

30. The right of Plaintiffs to have a sibling relationship unimpaired by government discriminatory interference is well-recognized as a 14th Amendment equal protection right.

31. Only by issuance of the requested equitable relief can Plaintiffs obtain the answers that their close sibling relationship with Darrell compel them to seek.

THIRD CLAIM FOR RELIEF

28 U.S.C. § 2201- Declaratory and Injunctive Relief

(By Plaintiffs Against Kings County)

32. Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

33. The foregoing factual allegations set forth an actual controversy with respect to whether Plaintiffs' Fourteenth Amendment substantive due process and equal protection rights were violated and are being violated. Therefore, this proceeding is an appropriate one for declaratory and injunctive relief under 28 U.S.C. § 2201.

34. Declaratory and injunctive relief under federal law is warranted based on the Kings County's policies, practices, and/or customs that were the moving force behind the constitutional violations alleged herein above. Specifically, the Kings County and the policymakers of the Kings County Sheri's Department, Sheriff Robinson, were personally involved in the above factual transactions, and Sheriff Robinson's determination to provide Plaintiffs no clarifying accurate information and instead to abide by the inaccuracies and contradictions thus far provided constitute municipal policy of a decisionmaker.

35. Because of the irreparable harm that the foregoing allegations show have occurred and likely will reoccur in the future, Plaintiffs request declaratory and injunctive relief requiring the prompt and ample provision of the information requested by Plaintiffs, as outlined in paragraph 23.

36. Plaintiffs also request further necessary and proper relief as provided for under 28 U.S.C. § 2202, as may be determined by the Court.

FOURTH CLAIM FOR RELIEF

Injunctive and Declaratory Relief - Code of Civil Procedure § 526, 1060

(By Plaintiffs Against All Defendants)

37. Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

38. The foregoing factual allegations set forth an actual controversy with respect to whether Plaintiffs' Fourteenth Amendment substantive due process and equal protection rights were violated and are being violated. Therefore, this proceeding is an appropriate one for declaratory and injunctive relief under state as well as federal law.

39. Declaratory and injunctive relief under state law is warranted based on the Defendants' misconduct, as outlined in the foregoing Claims for Relief.

40. Because of the irreparable harm that the foregoing allegations show have occurred and likely will reoccur in the future, Plaintiffs request declaratory and injunctive relief requiring the prompt and ample provision of the information requested by Plaintiffs, as outlined in paragraph 23.

41. Plaintiffs thus also request further necessary and proper relief as provided for under Code of Civil Procedure §§ 526 and 1060, as may be determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For temporary, preliminary, and permanent injunctive relief ;

2. For and award of attorney's fees and costs as to all eligible causes of action, pursuant to 42 U.S.C. § 1988, Cal. Civil Code 52.1(I), and/or Cal. Code of Civil Procedure § 1021.5;

3. For other such relief as the Court may deem proper.

Dated: June 4, 2024                                    LAW OFFICE OF KEVIN G. LITTLE

*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Pearl Coleman, Mitchell Snell, Mamie Johnson, and Marie Snell